Hvmas, C. J.,
dissenting. Inheritance made Eliza W. Walsh part owner and possessor of whatever property, real and personal, that her parents owned and possessed at their death. Civil Code, Arts. 867, 868, 869, 870, 936, 937, 938, 939. These rights she sold to Daniel Hieky, and the judgment annulling her sale to him of the same, was virtually a decree declar *110 ing her the owner of whatever real and personal property that belonged to her, before the sale, by inheritance from her parents, and requiring its delivery.
Both, article 576 and article 577 of the Code of Practice, required the Judge to fix the appeal bond and security for more than the cost of appeal, to produce the effect of a suspensive appeal, as the judgment was for the delivery of both real and personal property.
The law required the bond to be for a larger amount for a suspensive appeal than the cost of appeal, to secure her from whatever injury he might cause to the property while the enforcement of the judgment was stayed by a suspensive appeal.
If by Hickey’s giving bond with security in amount sufficent only to cover the cost of appeal, could operate as a suspensive appeal, all the real and personal property owned and possessed by her from her parents, would be liable to injury and waste by him, during the appeal, and for which she would have no remedy, except against him.
To decide that by an appellant’s giving an appeal bond, with security, in amount sufficient only to cover the cost of appeal, in favor of appellee, can operate as a suspensive appeal bond, and hinder the enforcement of a judgment which requires of "the appellant the delivery of real and personal property, is, in my opinion, erroneous; for such bond does not secure appellee against injuries that appellant may cause to the property while the enforcement of the judgment is suspended.
The bond given by Hicky, being insufficient for a suspensive appeal, his complaint should be dismissed.